**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Joe Banks, Jr., | Case No. 13 C 5321 |
| Plaintiff, | Judge Edmond E. Chang |
| vs. | |
| Roger Bay, | |
| Defendant. | |

**JURY INSTRUCTIONS — COURT SET 2**

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the Plaintiff and Defendant. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, if I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

2

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet. or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent memory of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memories or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED IT

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## DEPOSITION TESTIMONY

During the trial, the testimony of Ms. Stacy Vaughn was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## DEMONSTRATIVE EXHIBITS

Certain diagrams and maps have been shown to you. Those diagrams or maps are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## POSSESSION CONVICTION

You heard evidence that Mr. Banks was convicted for unlawfully possessing a firearm on July 25, 2011. You must accept as true that, on July 25, 2011, Mr. Banks knowingly carried a gun on or about his person when he encountered Mr. Bay. Any statements or arguments by anyone to the contrary must be disregarded.

**FIELD INTERVIEW**

The law does not require an individual to consent to a field interview by a police officer.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

– the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

– the witness's memory;

– any interest, bias, or prejudice the witness may have;

– the witness's intelligence;

– the manner of the witness while testifying;

– and the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS OR ACTS

You may consider (1) statements made before trial by a *party,* whether under oath or not; and (2) statements made before the trial as a *witness* when under oath as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his testimony.

With regard to statements made before trial by *witnesses* (as distinct from the parties) that were *not* made under oath, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

14

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff Joe Banks, Jr. must prove by a preponderance of the evidence that Defendant Roger Bay was personally involved in the conduct that Plaintiff complains about. You may not hold Defendant Bay liable for what other Chicago police employees or non-City of Chicago employees did or did not do.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## INTRODUCTION TO THE CLAIMS

In this case, Plaintiff has asserted two claims, one under federal law, and the other under Illinois state law. Each of these claims must be considered by you separately.

First, Plaintiff claims that Defendant used excessive force against Plaintiff in violation of the federal Constitution.

Second, Plaintiff claims that Defendant maliciously prosecuted Plaintiff for the charge of aggravated assault. This malicious prosecution claim is brought under Illinois state law.

Defendant denies these claims. I will now discuss each of these claims in more detail.

## EXCESSIVE FORCE

To succeed on the claim of excessive force, Plaintiff must prove that Defendant used "unreasonable" force against Plaintiff. I will define "unreasonable" force in a moment.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages on excessive force.

If, on the other hand, you find that Plaintiff did not prove this by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages on excessive force.

## DEFINITION OF "UNREASONABLE" FORCE

You must decide whether Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Defendant's use of force was unreasonable, you must not consider whether Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed. An officer is not required to use all practical alternatives to avoid a situation where deadly force is reasonable.

In deciding whether force was reasonable or unreasonable, you may consider, if you decide it is appropriate, the following circumstances, among other things:

- the need for the use of force;
-
- the relationship between the need for the use of force and the amount of force used;
-
- the extent of the plaintiff's injury;
-
- any efforts made by the defendant to temper or limit the amount of force;
-
- the severity of the crime at issue;
-
- the threat reasonably perceived by the officer(s); and
-
- whether the plaintiff was actively resisting arrest or was attempting to evade arrest by fleeing.

## MALICIOUS PROSECUTION: ELEMENTS

To succeed on the claim for malicious prosecution, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant commenced or continued the prosecution for aggravated assault against Plaintiff, or caused the commencement or continuation of the prosecution for aggravated assault against Plaintiff;

2. The prosecution for aggravated assault terminated in favor of Plaintiff. The parties agree that Plaintiff has proven this element.

3. Defendant did not have probable cause to commence or continue the prosecution for aggravated assault;

4. Defendant acted with malice in commencing or continuing the prosecution for aggravated assault; and

5. Plaintiff suffered damages as a result of the prosecution.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for that Plaintiff and against Defendant Bay, and go on to consider the question of damages for malicious prosecution.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for the Defendant Bay, and you will not consider the question of damages for malicious prosecution.

22

## COMMENCEMENT / CONTINUATION OF THE PROSECUTION

Liability for malicious criminal prosecution extends to all persons who played a significant role in causing the prosecution of Plaintiff. It is not limited to the person who made the charging decision or the person who signed the complaint.

**MALICIOUS PROSECUTION: DEFINITION OF "PROBABLE CAUSE"**

Let me explain what "probable cause" means for Plaintiff's malicious prosecution claim. Probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged—here, aggravated assault. In making this decision, you should consider what Defendant knew and what reasonably trustworthy information Defendant had received. It is not always necessary to verify the correctness of each item of information obtained; what is required is that Defendant act with reasonable prudence and caution.

Under Illinois law, a person commits an "assault" when he knowingly engages in conduct which places another in reasonable apprehension of receiving a battery. A person commits "aggravated assault" when, in committing an assault, he uses a firearm, other than by discharging the firearm, against a police officer who is performing his official duties.

## MALICIOUS PROSECUTION: DEFINITION OF "MALICE"

For purposes of the malicious prosecution claim, "malice" means to initiate a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the bringing of the action are inconsistent with good faith and the lack of probable cause is clearly proved.

## DAMAGES: PREFATORY INSTRUCTION

If you find that Plaintiff has proved his claim against Defendant Bay, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he has sustained as a direct result of Defendant's conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

On Plaintiff's claim of excessive force:

1.   The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received; and

2.   The physical and mental or emotional pain and suffering that Plaintiff experienced from the excessive force, including any future physical and mental or emotional pain and suffering, as well as any permanent scarring.

On Plaintiff's claim of malicious prosecution:

1.   The restraint on Plaintiff's freedom caused by the malicious prosecution;

2.   Attorney's fees that Plaintiff reasonably incurred as a result of the criminal charges brought against him;

3.   The physical and mental or emotional pain and suffering that Plaintiff experienced from the prosecution.

When it comes to physical and mental or emotional pain and suffering, no evidence of the dollar value of physical and mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries she has sustained.

## SELECTION OF PRESIDING JUROR; VERDICT FORM

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. We're going to hand each of you a copy so that we can review them together. But before you go into the jury room for deliberations, leave the copy on your chair so that we don't have multiple copies in the jury room; I'll give you the single official form at the start of deliberations.

[Forms of verdict read.]

When you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.