IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE BANKS, JR., ) | |
| ) | CASE NO. 13 C 5321 |
| Plaintiff, ) | |
| ) | JUDGE CHANG |
| vs. ) | |
| ) | |
| CHICAGO POLICE OFFICER ROGER BAY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BAY'S RULE 50 MOTION**

Defendant Chicago Police Officer Roger Bay ("Defendant Bay"), by and through one of his attorneys, Raoul Vertick Mowatt, Assistant Corporation Counsel, for their motion for judgment as a matter of law pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedure, state as follows:

Under Rule 50(a), a court may "enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Schandelmeier-Bartels v. Chicago Park Dist.*, 634 F.3d 372, 376 (7th Cir. 2011) (internal citation omitted). This Honorable Court should grant judgment as a matter of law in favor of Defendant Bay on Plaintiff's claim for excessive force, because under either party's theory of what happened, Plaintiff has failed to establish a legally sufficient evidentiary basis for the jury to find in his favor on that issue. Similarly, Plaintiff has failed to establish a legally sufficient evidentiary basis for the jury to find in his favor on Plaintiff's malicious prosecution claim.

**I. Plaintiff Has Failed to Prove Potential Liability On His Excessive Force Claim**

The parties presented two starkly different versions of the events of July 25, 2011. Unfortunately for Plaintiff, he cannot prevail as to excessive force under either version.

Defendant Bay's account of that night was that he was one of six officers pursuing Plaintiff when Plaintiff pointed a gun at him near the corner of Ohio and Sawyer. Plaintiff's actions put

Defendant Bay in fear for his life, prompting him to shoot three times, hitting Plaintiff twice. Defendant Bay's account was supported by testimony from Officer Nenad Dragojlevich and Carmen Hernandez, in addition to his own. It is beyond reasonable dispute that if Defendant Bay's account is true, the force he used was reasonable.

However, Plaintiff offered a different story. Plaintiff's story is that he was innocently riding a bike near the intersection of Ohio and Sawyer when a dark-skinned African-American man dressed in a dark shirt ran past him. Plaintiff's witness Eunice Hunt testified that she had seen this man running and knew that he had done something and that the police were chasing him. Plaintiff's counsel in his opening statements told this jury that their theory of the case was that the officers were chasing an African-American man in black shorts, not tan shorts like Plaintiff had, and accidentally hit Plaintiff when attempting to shoot the mystery man in black shorts.

Plaintiff's story means that he has pled himself out of court on the excessive force claim. All claims that a law enforcement officer has used excessive force during an arrest or seizure are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Case law establishes that a Fourth Amendment seizure only occurs when there is a "governmental termination of freedom of movement *through means intentionally applied*." *Brower v. County of Inyo*, 489 U.S. 593, 596-7 (1989)(emphasis in the original). "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby) nor even when there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is governmental termination of freedom of movement through means intentionally applied." *County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). Therefore, when a police officer fires his gun at a fleeing suspect and the bullet inadvertently strikes an innocent bystander, there has been no Fourth Amendment seizure. *Warfield v. City of Chicago*, 565 F.Supp.2d 948, 963 (N.D.Ill. July 16,

2

2008)(Castillo, J.)(citing *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000)). See also *Brandon v. Village of Maywood*, 157 F.Supp.2d 917, 924-5 (N.D.Ill. August 3, 2001)(Bucklo, J)

Because Plaintiff cannot prevail under either set of facts presented during his case in chief, Defendant Bay is entitled to judgment in his favor pursuant to Rule 50.

In the alternative, Defendant Bay requests a supplemental jury instruction summarizing the above-cited case law.

**II. Plaintiff Has Failed to Prove Liability on His Malicious Prosecution Claim**

To prevail on a malicious prosecution claim, a plaintiff must show (1) the criminal proceedings were commenced by the defendants; (2) those proceedings terminated in favor of the plaintiff; (3) there was an absence of probable cause for the proceedings; (4) the defendants acted with malice; and (5) the plaintiff suffered damages as a result. *Swick v. Liautaud*, 662 N.E.2d 1238 (Ill.1996)). If any of these elements is absent, a plaintiff is barred from pursuing the claim. *Id.* (*citing Joiner v. Benton Cmty. Bank*, 411 N.E.2d 229, 232 (1980)(quoting *Ritchey v. Maksin* (1978), 376 N.E.2d 991.))

In the case at bar, it is undisputed that Plaintiff had a gun at the time of the incident. Defendant Bay (and two other witnesses, Officers Dragojlevich and Hernandez) testified that Plaintiff pointed that gun at Defendant Bay. Plaintiff testified he never pointed that gun at Defendant Bay. We must accept Plaintiff's testimony as true for the purpose of this motion.

Even so, Defendant Bay's assessment of the situation is at worst, a mistake, given the undisputed evidence that Plaintiff was armed. "A mistake or error not amounting to gross negligence will not affect the question of probable cause in an action for malicious prosecution where there is the honest belief by the complainant at the time of subscribing a criminal complaint that the accused is probably guilty of the offense. *Mangus v. Cock Robin Ice Crime Co.*, Inc., 52 Ill.App.

3

3d 110, 116. (1ˢᵗ Dist. 1977). A reasonable ground for belief of the guilt of an accused may be on information from other persons as well as on personal knowledge. *Id.* at 117.

Here, even if Defendant Bay was wrong and Plaintiff never actually pointed his gun at Defendant Bay, his mistake was reasonable. There is no evidence that Defendant Bay knew that no probable cause existed for his actions in the prosecution of Plaintiff for aggravated assault.

Furthermore, there was no evidence presented of malice by Plaintiff.

Malice must be demonstrated by showing "the commencement of criminal proceedings for a purpose other than to bring a party to justice." *Szczesniak v. CJC Auto Parts, Inc.,* 21 N.E.3d 486, 493 (2014); *see also, Holland v. City of Chicago*, 643 F.3d 248 (7th Cir. 2011). Malice does not necessarily mean personal ill-will, spite or hatred toward the person prosecuted, but rather that the person causing criminal charges to be brought or continued was motivated by improper motives. *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill.App.3d 340, 349, 733 N.E.2d 835, 842 (1ˢᵗ Dist. 2000); *Turner v. City of Chicago*, 91 Ill.App.3d 931, 937, 415 N.E.2d 481, 487 (1st Dist. 1980). The lack of probable cause, alone, does not establish malice, "but the trier of fact may infer malice from lack of probable cause if there is no other credible evidence which refutes the inference." *Rodgers*, 315 Ill.App.3d 340, 349.

Plaintiff cannot succeed in arguing that Defendant Bay acted with any motive other than to bring Plaintiff to justice. Plaintiff's argument that Defendant Bay was attempting to cover up an improper shooting of Plaintiff by "putting a case on him," to use Plaintiff's words, fails in the presence of a valid case against Plaintiff for unlawful possession of a weapon. Plaintiff has presented no evidence to suggest that Defendant Bay framed a guilty man.

4

## **CONCLUSION**

For the above stated reasons, Defendant Bay respectfully requests that this Honorable Court grant this motion, and any other relief as the Court deems appropriate.

Respectfully Submitted,

/s/ *Raoul Vertick Mowatt*
RAOUL VERTICK MOWATT
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3283
Attorney Number: 6302587